# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MIRACOR MEDICAL SA, | |
| Plaintiff, | |
| | Civil Action No. 1:25-cv-00484 |
| v. | |
| ABBOTT LABORATORIES AND THORATEC LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Miracor Medical SA ("Miracor" or "Plaintiff") files this Complaint and demand for a jury trial seeking relief for patent infringement by Defendants Abbott Laboratories and Thoratec LLC (collectively, "Abbott" or "Defendants"). Plaintiff states and alleges the following:

## THE PARTIES

1.    Miracor Medical SA is an entity organized and existing under the laws of Belgium, with its principal place of business located at Rue de Bruxelles 174, E40 Business Park, 4340 Awans, Belgium. Miracor is a medical device technology company created to develop solutions to treat severe heart diseases and to protect and license any resulting inventions and intellectual property.

2.    Miracor was originally founded in 2008 by Professor Werner Mohl, MD, PhD. Professor Mohl is an Austrian cardiac surgeon with over 45 years of experience, who earned both his medical degree and Ph.D. at the University of Vienna in the 1970s. He remained at the University of Vienna throughout his medical career, completing two surgical residencies that spanned most of the 1970s and 1980s before becoming Professor of Surgery in 1990. Professor

Mohl currently serves as Professor Emeritus for the Department of Cardiothoracic Surgery at the University of Vienna.

3.      Professor Mohl is a named inventor on more than 45 issued patents in the United States directed to devices and methods for treating heart disease.

4.      Professor Mohl has authored more than 100 peer reviewed journal articles, conference papers, and book chapters, including articles in leading scientific and medical publications such as *Frontiers in Cardiovascular Medicine*, *Journal of the American College of Cardiology*, *European Journal of Heart Failure*, *European Surgery*, and *The International Journal of Artificial Organs*.

5.      Professor Mohl has received several awards for his work as a surgeon and inventor. For example, he received the 2020 InnoVasc Innovation Award in Barcelona, the 2019 Science and Business Award known as the Rudolf Sallinger Founder's Prize, the 2018 Phoenix Prize for prototype innovation, the 2011 Future Prize of the City of Vienna, and the 1991 Franz J. Köhler Prize from the German Society for Thoracic, Cardiac, and Vascular Surgery.

6.      When Professor Mohl founded Miracor in 2008, he assigned Miracor all of his rights to the patents currently asserted in this case. Professor Mohl originally served on the board at Miracor and later served as an observer of the board. He is now a scientific consultant for Miracor.

7.      Since its founding, Miracor has developed various technologies for assisting the performance of the heart. These technologies have included devices and systems for pumping blood to assist the function of a heart, such as Left Ventricular Assist Devices (LVADs) and Left Ventricular Assist Systems (LVASs).

8.      Miracor's patent portfolio includes various inventions directed to devices and methods for assisting and/or improving the performance of a heart.  These include inventions Miracor developed as its PiCSO Impulse System, as well as various inventions aimed at systems and methods for LVAD/LVAS technology.  Miracor's asserted patents in this case, discussed in more detail below, include inventions for which Professor Mohl filed for patent protection no later than February 2007.

9.      On information and belief, Defendant Abbott Laboratories is an Illinois corporation having a principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

10.      On information and belief, Defendant Thoratec LLC is a California limited liability company having principal places of business located at 6035 Stoneridge Drive, Pleasanton, California 94588 and at 100 Abbott Park Road, Abbott Park, Illinois 60064.  On information and belief, the sole member of Thoratec LLC is SJM Thunder Holding Company ("SJM Thunder"). SJM Thunder is a Delaware corporation and its principal place of business is located in Illinois. Accordingly, Thoratec LLC is a citizen of Delaware and Illinois.

11.      On information and belief, Thoratec LLC and SJM Thunder are both wholly-owned subsidiaries of Abbott Laboratories.

12.      On information and belief, Defendants Abbott Laboratories and Thoratec LLC operate in concert to make, use, sell, offer for sale, and/or import devices for assisting heart performance throughout the United States, such as the accused HeartMate 3 products identified herein.

13.      On information and belief, Defendants Abbott Laboratories and Thoratec LLC operate in concert to make, use, sell, offer for sale, and/or import devices for assisting heart performance throughout the United States, including devices that comprise LVAD/LVAS products

such as the accused "HeartMate 3" or "HeartMate 3 LVAD/LVAS" products and all related components or accessories used, sold, or required therewith (e.g., the HeartMate 3 LVAD blood pump, the HeartMate 3 System Controller, the HeartMate System Monitor, and/or HeartMate Touch Communication System) (collectively or individually, the "Accused Products").

14.     Further, Defendants provide information and technical support to its customers (such as doctors and other medical institutions)—including product manuals, brochures, catalogs, videos, demonstrations, and website materials—that instruct its customers to use the Accused Products.  *See, e.g.*,  https://www.cardiovascular.abbott/us/en/hcp/products/heart-failure/left-ventricular-assist-devices/heartmate-3/about.html;

https://www.cardiovascular.abbott/us/en/hcp/manuals-and-technical-resources.html;

https://www.cardiovascular.abbott/us/en/hcp/products/heart-failure/left-ventricular-assist-devices/heartmate-3/manuals-resources.html;

https://www.cardiovascular.abbott/us/en/hcp/products/heart-failure/left-ventricular-assist-devices/heartmate-3/education-training.html;     https://manuals.sjm.com/Search-Form?re=North-America&cc=US&ln=EN&ct=professional&qry=heartmate&ipp=10;     https://youtu.be/_C-K-DClNbI;     https://www.cardiovascular.abbott/us/en/hcp/products/heart-failure/left-ventricular-assist-devices/heartmate-3/manuals-resources.html;

https://www.cardiovascular.abbott/content/dam/cv/cardiovascular/hcp/documents/us-hf-product-cat.pdf; and https://manuals.sjm.com/~/media/manuals/product-manual-pdfs/5/7/571a1818-2da2-4c1a-b454-f6f5a3bc39b6.pdf.

15.     On or about November 27, 2023, Miracor filed suit against Defendants in this district asserting that the Accused Products infringed six patents in Miracor's patent portfolio. That case is captioned *Miracor Medical SA v. Abbott Laboratories et. al.*, Case No. 1:23-cv-16257.

16.     More recently, the United States Patent Office has issued two additional patents that are assigned to Miracor and that cover the Accused Products.  Miracor now asserts those additional patents in this litigation.

## JURISDICTION AND VENUE

17.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

18.     This Court has general personal jurisdiction over Abbott Laboratories because it is an Illinois corporation; because it has a regular and established place of business in the Northern District of Illinois; because it regularly conducts business in the State of Illinois and therefore has substantial and continuous contacts within this judicial District; because it has purposefully availed itself of the privileges of conducting business in this judicial District; and/or because it has committed acts of infringement in this judicial District giving rise to this action.

19.     This Court has general personal jurisdiction over Thoratec LLC because it has a regular and established place of business in the Northern District of Illinois; because it regularly conducts business in the State of Illinois and therefore has substantial and continuous contacts within this judicial District; because it has purposefully availed itself of the privileges of conducting business in this judicial District; and/or because it has committed acts of infringement in this judicial District giving rise to this action.

20.     Venue is proper in this judicial District pursuant to 35 U.S.C. § 1400(b).

## ASSERTED PATENTS

21.     On October 1, 2024, United States Patent No. 12,104,600 entitled "Device to Assist the Performance of a Heart" was duly and legally issued by the United States Patent and Trademark

Office.  Miracor owns the '600 patent by assignment.  A true and correct copy of the '600 patent is attached as <u>Exhibit 1</u>.

22.     On October 15, 2024, United States Patent No. 12,117,007 entitled "Device to Assist the Performance of a Heart" was duly and legally issued by the United States Patent and Trademark Office.  Miracor owns the '007 patent by assignment.  A true and correct copy of the '007 patent is attached as <u>Exhibit 2</u>.

### <u>COUNT I</u>

**(Patent Infringement of United States Patent No. 12,104,600)**

23.     Miracor restates and realleges the preceding paragraphs of this Complaint.

24.     Abbott has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '600 patent by making, using, selling, offering for sale and/or importing into the United States the Accused Products pursuant to 35 U.S.C. §§ 271(a).

25.     The claim chart attached hereto as <u>Exhibit 3</u> describes how the elements of exemplary claim 1 of the '600 patent are directly infringed by the Accused Products.

26.     Abbott also indirectly infringes the '600 patent by actively inducing direct infringement by third parties, including doctors and other medical institutions under 35 U.S.C. § 271(b).  For example, on information and belief, Abbott has encouraged, aided, or otherwise caused these third parties to import, sell, offer for sale, and/or use the Accused Products, which constitute acts of direct infringement of the device and method claims of the '600 patent.

27.     Abbott has knowledge that these third-party activities relating to the Accused Products infringe at least claims 1 and 9 of the '600 patent.  For example, Abbott has had knowledge of the '600 patent at least since October 4, 2024.  To the extent that Abbott did not

have actual knowledge of its infringement prior to filing and service of this Complaint, Abbott's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts. Abbott, therefore, had knowledge that its customers' uses of the Accused Products infringe the '600 patent or Abbott was otherwise willfully blind to that fact.

28.     Abbott has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and/or use the Accused Products (which are acts of direct infringement of the '600 patent) and Abbott has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '600 patent. Abbott provides information and technical support to its customers (such as doctors and other medical institutions) with the knowledge that use of the Accused Products in accordance with such information, technical support, and instructions constitutes an act of direct infringement of the '600 patent, or with willful blindness to that fact. Alternatively, Abbott knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '600 patent but took deliberate actions to avoid learning of these facts.

29.     Abbott has also indirectly infringed and continues to indirectly infringe at least claims 1 and 9 the '600 patent under 35 U.S.C. § 271(c) because it has contributed to direct infringement, and continues to contribute to direct infringement, by third parties (such as doctors and other medical institutions), of at least claims 1 and 9 of the '600 patent. For example, on information and belief, Abbott has sold, offered for sale, or imported into the United States and is currently selling, offering for sale, or importing into the United States to these third parties the Accused Products (including, without limitation, the HeartMate 3 LVAD blood pump, HeartMate 3 System Controller, the HeartMate System Monitor, and/or HeartMate Touch Communication System). These third parties arrange the Accused Products according to instructions,

documentation, tutorials, marketing materials and the like provided by Abbott that instruct them to arrange the Accused Products in ways that infringe the '600 patent. Abbott's Accused Products (including, without limitation, the HeartMate 3 LVAD blood pump, HeartMate 3 System Controller, HeartMate System Monitor, and/or HeartMate Touch Communication System) were and are not staple articles or commodities of commerce suitable for substantial noninfringing uses as the Accused Products are especially designed to interact with one another. Further, the Accused Products constitute a material part of the inventions claimed in the '600 patent. Abbott learned about the '600 patent or was willfully blind to the existence of the patent as set forth above. Abbott also had knowledge that use of the Accused Products infringes the '600 patent and obtained this knowledge prior to suit. Abbott, therefore, supplies the Accused Products with knowledge of the '600 patent and knowledge that they were especially made for use in an infringing manner. To the extent that Abbott did not have actual knowledge of its infringement, Abbott's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts. Abbott, therefore, had knowledge that the use of the Accused Products infringes the '600 patent or Abbott was otherwise willfully blind to that fact.

30.     Abbott's actions demonstrate an intent not only to have caused the above acts that form the basis of direct infringement by third parties, but also that they caused these acts with the specific intent to infringe the '600 patent. At a minimum, Abbott's conduct demonstrates that Abbott either knew or should have known that the acts of such third parties directly infringe the '600 patent.

31.     Abbott's acts of infringement have been without express or implied license from Miracor and are in violation of Miracor's rights.

32.     Abbott's infringement of the '600 patent has been willful.

33.     As a result of Abbott's willful infringement, Miracor has been damaged and is entitled to recover, at a minimum, a reasonable royalty.

## COUNT II

### (Patent Infringement of United States Patent No. 12,117,007)

34.     Miracor restates and realleges the preceding paragraphs of this Complaint.

35.     Abbott has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '600 patent by making, using, selling, offering for sale and/or importing into the United States the Accused Products pursuant to 35 U.S.C. §§ 271(a).

36.     The claim chart attached hereto as Exhibit 4 describes how the elements of exemplary claim 1 of the '007 patent are directly infringed by the Accused Products.

37.     Abbott also indirectly infringes the '007 patent by actively inducing direct infringement by third parties, including doctors and other medical institutions under 35 U.S.C. § 271(b).  For example, on information and belief, Abbott has encouraged, aided, or otherwise caused these third parties to import, sell, offer for sale, and/or use the Accused Products, which constitute acts of direct infringement of the device and method claims of the '007 patent.

38.     Abbott has knowledge that these third-party activities relating to the Accused Products infringe at least claims 1 and 13 of the '007 patent.  For example, Abbott has had knowledge of the '007 patent at least since November 2, 2024.  To the extent that Abbott did not have actual knowledge of its infringement prior to filing and service of this Complaint, Abbott's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts.  Abbott, therefore, had knowledge that its customers' uses of the Accused Products infringe the '007 patent or Abbott was otherwise willfully blind to that fact.

39.     Abbott has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and/or use the Accused Products (which are acts of direct infringement of the '007 patent) and Abbott has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '007 patent.  Abbott provides information and technical support to its customers (such as doctors and other medical institutions) with the knowledge that use of the Accused Products in accordance with such information, technical support, and instructions constitutes an act of direct infringement of the '007 patent, or with willful blindness to that fact.  Alternatively, Abbott knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '007 patent but took deliberate actions to avoid learning of these facts.

40.     Abbott has also indirectly infringed and continues to indirectly infringe at least claims 1 and 13 the '007 patent under 35 U.S.C. § 271(c) because it has contributed to direct infringement, and continues to contribute to direct infringement, by third parties (such as doctors and other medical institutions), of at least claims 1 and 13 of the '007 patent.  For example, on information and belief, Abbott has sold, offered for sale, or imported into the United States and is currently selling, offering for sale, or importing into the United States to these parties the Accused Products (including, without limitation, the HeartMate 3 LVAD blood pump, HeartMate 3 System Controller, HeartMate System Monitor, and/or HeartMate Touch Communication System).  These third parties arrange the components according to instructions, documentation, tutorials, marketing materials and the like provided by Abbott that instruct them how to arrange these components in ways that infringe the '007 patent.  Abbott's Accused Products (e.g., the HeartMate 3 LVAD blood pump, HeartMate 3 System Controller, HeartMate System Monitor, and/or HeartMate Touch Communication System) were and are not staple articles or commodities of commerce suitable for

substantial noninfringing uses as the Accused Products are especially designed to interact with one another.  Further, the Accused Products constitute a material part of the inventions claimed in the '007 patent.  Abbott learned about the '007 patent or was willfully blind to the existence of the patent as set forth above.  Abbott also had knowledge that use of the Accused Products infringes the '007 patent and obtained this knowledge prior to suit.  Abbott, therefore, supplies the Accused Products with knowledge of the '007 patent and knowledge that they were especially made for use in an infringing manner.  To the extent that Abbott did not have actual knowledge of its infringement, Abbott's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts.  Abbott, therefore, had knowledge that the use of the Accused Products infringes the '007 patent or Abbott was otherwise willfully blind to that fact.

41.     Abbott's actions demonstrate an intent not only to have caused the above acts that form the basis of direct infringement by third parties, but also that they caused these acts with the specific intent to infringe the '007 patent.  At a minimum, Abbott's conduct demonstrates that Abbott either knew or should have known that the acts of such third parties directly infringe the '007 patent.

42.     Abbott's acts of infringement have been without express or implied license from Miracor and are in violation of Miracor's rights.

43.     Abbott's infringement of the '007 patent has been willful.

44.     As a result of Abbott's willful infringement, Miracor has been damaged and is entitled to recover, at a minimum, a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Miracor respectfully requests that this Court:

1)      Enter judgment that Abbott has infringed one or more claims of each of the patents asserted in Counts I and II;

2)      Award Miracor damages in an amount sufficient to compensate it for Abbott's infringement of one or more claims of the '600 and '707 patents, together with pre-judgment and post-judgment interest, costs, and all other damages permitted under 35 U.S.C. § 284;

3)      Perform an accounting of Abbott's infringing activities through trial and judgment;

4)      Treble the damages awarded to Miracor under 35 U.S.C. § 284 by reason of Abbott's willful infringement;

5)      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Miracor its attorneys' fees, expenses, and costs incurred in this action; and

6)      Award Miracor such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Miracor demands a jury trial on all issues so triable.


Dated this 15th day of January 2025.          Respectfully Submitted,

BARNES & THORNBURG LLP

By:   *s/Todd G. Vare*
      Todd G. Vare (IL Bar No.: 6238287)
      todd.vare@btlaw.com
      11 South Meridian Street
      Indianapolis, IN 46204
      Tel: (317) 231-7735

Paul T. Olszowka
paul.olszowka@btlaw.com
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 357-1313


**COUNSEL FOR PLAINTIFF**
**MIRACOR MEDICAL SA**